FORM TO BE USED BY PRISONERS IN FILING A COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

ARP# WCCF-18-345

**COMPLAINT**

Scott   41786
(Last Name)   (Identification Number)

Janicholas   Vankeith
(First Name)   (Middle Name)

WCCF
(Institution)

P.O. Box 1889
(Address)

(Enter above the full name of the plaintiff, prisoner, and address plaintiff in this action)

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
AUG 28 2018
BY_____ ARTHUR JOHNSTON DEPUTY

V.

Management and Training Corporation, et al

defendants Officer Laura Jackson, Latonya Fleming, Domineke Grinnell, Tramekia Wimley, Medical staff employees

(Enter above the full name of the defendant or defendants in this action)

CIVIL ACTION NUMBER: 5:18cv94-DCB-MTP
~~5:18-CV-44-DCB-MTP~~
(to be completed by the Court)

**OTHER LAWSUITS FILED BY PLAINTIFF**

NOTICE AND WARNING:
The plaintiff must fully complete the following questions. Failure to do so may result in your case being dismissed.

A. Have you ever filed any other lawsuits in a court of the United States?   Yes ( )   No (✓)

B. If your answer to A is yes, complete the following information for each and every civil action and appeal filed by you. (If there is more than one action, complete the following information for the additional actions on the reverse side of this page or additional sheets of paper.)

1. Parties to the action: Management and Training Corporation and Medical staff employees

2. Court (if federal court, name the district; if state court, name the county): U.S. District Courts for the Southern District of MS (pending case)

3. Docket Number: 5:18-CV-44-DCB-MTP

4. Name of judge to whom case was assigned: David Bramlette III & Michael T. Parker

5. Disposition (for example: was the case dismissed? If so, what grounds? Was it appealed? Is it still pending?): Civil action 5:18-cv-44-DCB-MTP is still pending

1

## PARTIES

(In item I below, place your name and prisoner number in the first blank and place your present address in the second blank. Do the same for additional plaintiff, if any).

I. Name of plaintiff: **Janicholas V. Scott**  Prisoner Number: **L1786**

Address: **WCCF P.O. Box 1889 Woodville, MS 39669**

(In item II below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use the space below item II for the names, positions, and places of employment of any additional defendants.)

II. Defendant: _____ is employed as _____

_____ at _____

The plaintiff is responsible for providing the court the name and address of each plaintiff(s) as well as the name(s) and address(es) of each defendant(s). Therefore, the plaintiff is required to complete the portion below:

PLAINTIFF:

| NAME | ADDRESS |
|---|---|
| Janicholas V. Scott | P.O. Box 1889 Woodville, MS 39669 |

DEFENDANT(S):

| NAME | ADDRESS |
|---|---|
| Laura Jackson | P.O. Box 1889 Woodville, MS 39669 |
| Latonya Fleming | P.O. Box 1889 Woodville, MS 39669 |
| Domineke Grinnell | P.O. Box 1889 Woodville, MS 39669 |
| Tremekia Winely | P.O. Box 1889 Woodville, MS 39669 |
| Dr. James Burke | P.O. Box 1889 Woodville, MS 39669 |
| Medical Staff | P.O. Box 1889 Woodville, MS 39669 |

## GENERAL INFORMATION

A. At the time of the incident complained of in this complaint, were you incarcerated because you had been convicted of a crime?

Yes (✓)  No ( )

B. Are you presently incarcerated for a parole or probation violation?

Yes (✓)  No ( )

C. At the time of the incident complained of in this complaint, were you an inmate of the Mississippi Department of Corrections (MDOC)?

Yes (✓)  No ( )

D. Are you currently an inmate of the Mississippi Department of Corrections (MDOC)?

Yes (✓)  No ( )

E. Have you completed the Administrative Remedy Program regarding the claims presented in this complaint?

Yes (✓)  No ( ), if so, state the results of the procedure: _The Cell was Confirmed Sanitized 5 months after the initial complaint._

F. If you are **not** an inmate of the Mississippi Department of Corrections, answer the following questions:

1. Did you present the facts relating to your complaint to the administrative or grievance procedure in your institution?

   Yes ( )  No ( )

2. State how your claims were presented (written request, verbal request, request for forms): _____

3. State the date your claims were presented: _____

4. State the result of the procedure: _____

3

## STATEMENT OF CLAIM

III. State here as briefly as possible the facts of your case. Describe how each defendant is involved. Also, include the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of different claims, number and set forth each claim in a separate paragraph. (Use as much space as you need; attach extra sheet if necessary.)

I became severely ill due to being heavily exposed to Black Mold. I explained on my medical request forms that my situation was urgent and it was an emergency. I was still under a dramatic delay to be medically seen for my illnesses and injuries and was in a life threatening condition and recieved no attention whatsoever from officers or medical staff while under delay! I was lockdown in my cell and did not be medically seen until 5 weeks after I submitted my initial medical request. I was in a bad condition of health to be ignored by officers and medical staff when they should have responded reasonably to my condition.

RELIEF

IV. State what relief you seek from the court. Make no legal arguments. Cite no cases or statutes.

Plaintiff seeks money damages due to the inconvenience of officers and medical staff overlooking a serious medical need in a situation when plaintiff was helpless and in a life threatning condition. This condition arouse from confinement in a Health hazardous condition.

Signed this 14 day of August, 20 18

Janicholas Vankeith Scott #L1786
P.O. Box 1889 Woodville, MS 39669
Signature of plaintiff, prisoner number and address of plaintiff

I declare under penalty of perjury that the foregoing is true and correct.

8/14/18
(Date)

Janicholas V. Scott
Signature of plaintiff

4

# MISSISSIPPI DEPARTMENT OF CORRECTIONS
## Administrative Remedy Program

## WCCF-18-345

## SECOND STEP RESPONSE FORM

You must respond to the inmate within 45 days of receipt of the appeal of the First Step Response.

Inmate's Name & #:  **Janicholas Scott #L1786**
        Location:  **Wilkinson County Correctional Facility**

          From:  **J. Bradley**
           Title:  **Warden**

In response to your ARP claim. In reference to you stating your cell needs sanitizing. Your claim has been investigated. The information gathered reveals according to Unit Manager Perkins you were moved from cell W-206 and you are now housed in W-208. Your cell was sprayed with Clorox and water to allow it to be cleaned. I consider this matter resolved at this level.

_____              8-9-18
Signature                                                                       Date

The above named inmate has fulfilled the requirements of the Administrative Remedy Program at WCCF under extraordinary circumstances and is eligible to seek judicial review in state or federal court within 30 days of receipt of the Second Step Response. Financial responsibility for such filing rests with the inmate.

Janicholas Scott     L1786           8-13-18
Inmate's Signature        DOC #                     Date

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### WESTERN DIVISION

Janicholas Vankeith Scott #L1786     plaintiff
versus
Management and Training Corporation, et al     action no: 5:18-cv-44-DCB-MTP
defendants

I was confined under a major health hazardous condition for approximate time of 82 days. The cell of W-Pod 208 was extremely covered with Black Mold on the walls and ceilings. The clogging of the air vents would cause the walls and ceilings to sweat. When this happens the Black Mold would give off a breath taking fume inside of the cell. After being exposed to this condition for an extensive amount of time, I became severely ill. Illnesses included sore throat, swolen tonsils, and major breathing problems. I submitted multiple request forms to be seen by a doctor for these LEGAL issues. I was not seen in an appropriate timely matter. While I was waiting to be seen by the doctor, I was inside of my cell lockdown suffering from these health issues and in a life threatning condition. I explained on multiple medical request forms that my condition was urgent and that I needed to be seen of an emergency, due to the illnesses that I was dealing with. I also explained that I needed medical attention to the cut wound that I suffered from the effects of the defective furnishings. The conditions of the issues seemed to not seriously matter to the officers or the medical personell, due to the fact that I was not seen until 5 weeks after my initial medical request. I received no attention of my situation while I was lockdown in my cell suffering and in a severely bad health condition.

I declare under penalty of perjury that the foregoing is True and Correct executed at Wilkinson County Correctional Facility on August 14, 2018

Janicholas V. Scott # L1786
Janicholas V. Scott # L1786

In The United States District Court
For The Southern District of Mississippi
Western Division

Janicholas Vankeith Scott # L1786         plaintiff
versus                                    civil action no: 5:18-cv-44-
Management and Training Corporation, et al   DCB-MTP
                                          defendants

When hazards are recognized or identified, security personell in being officers and staff members must respond reasonably to abate or correct the hazards. The above named defendants of officers Laura Jackson, Latonya Fleming, Domineke Grinnell, Tramekia Wimley and MTC staff have acted with callousness, recklessness, and with a malicious state of mind to plaintiff Janicholas Vankeith Scott #L1786 as well as other inmates at Wilkinson County Correctional Facility. On the dates of January 18, 2018 - February 23, 24, 25 2018 - March 22, 2018 - April 11, 2018, Officers overlooked or ignored a severe Health and Safety Hazard. These previous dates were recorded by plaintiff after plaintiff filed his complaints. There is evidence of reckless acts of defendants prior to these recorded dates. The acts and omissions of these defendants and MTC staff has resulted in pain, suffering, physical injury and emotional distress to plaintiff. Medical healthcare providers did not reasonably respond to plaintiffs request to seek emergency medical attention as well. Plaintiff seeks damages for his injuries and losses.

State of Mississippi
County of Wilkinson

Personally appeared before me, the undersigned authority in and for said jurisdiction, the within named petitioner, who after being first duly sworn by me, stated under oath that the statements set forth in the above and foregoing are true and correct as therein stated.

Sworn and subscribed before me this the 24 day of August 2018

Janicholas V. Scott

Rosemary Gatlin
Notary Public

In The United States District Court
For The Southern District of Mississippi
Western Division

Janicholas Vankeith Scott #L1786     plaintiff
vs.     civil action no: 5:18-CV-44-DCB-MTP
Management and Training Corporation, et al     defendants

The following named defendants of officers Laura Jackson, Latonya Fleming, Domineke Grinnell, Tremekia Wimley have breached their duties as correctional officers by failing to respond reasonably to a severe safety hazard. This was done by identifying health and safety hazardous conditions and not constructing proper remedies to correct the conditions. Officers had common knowledge of these conditions by personally identifying these conditions through inspections, cell searches, count procedures, security control. These procedures uphold the supervision, care, and custody of inmates, which are the duties of correctional officers. In identifying the hazards in being Black Mold and a severely damaged bunk bed, the officers should have done the following: 1) directed maintenance department to remove the damaged bunk 2.) directed maintenance department to replace the damaged bunk 3) remove inmate plaintiff from being assigned to sleep on the damaged LEGAL bunk. None of these remedies was done. Instead, plaintiff was forced to remain under hazardous conditions on W-Pod cell 208, sleeping on damaged bunk bed. Remedies for Black Mold should have been 1) provide plaintiff inmate with chemicals to sanitize mold 2) sanitize cell themselves with proper cleaning chemicals 3) remove plaintiff inmate from being exposed to the Health Hazards. None of these remedies was done. Instead plaintiff was forced to remain on W-Pod cell 208 under severe Health Hazards. These results lead to serious physical injuries and illnesses to plaintiff. Plaintiff seeks damages for his injuries and losses.

State of Mississippi
County of Wilkinson

Personally appeared before me, the undersigned authority in and for said jurisdiction, the within named petitioner, who after being first duly sworn by me, stated under oath that the statements set forth in the above and foregoing are true and correct as therein stated.

Sworn and subscribed before me this the 24 day of August 2018

_Janicholas V Scott_

_Rosemary Gatlin_
NOTARY PUBLIC

[Notary Seal: ROSEMARY GATLIN, STATE OF MISSISSIPPI NOTARY PUBLIC, ID #93744, Commission Expires Jan. 26, 2019, WILKINSON COUNTY]

In The United States District Court
For The Southern District of Mississippi
Western Division

Janicholas Vankeith Scott # L1786   plaintiff
vs.                                  ~~civil action no: 5:18-cv-44~~
Management and Training Corporation, et al   DCB-MTP
                                     defendants

After I was severely injured from the effects of the damaged furnishings and illnesses from the exposure of the Black Mold, I immediately addressed these complaints through sick call in medical. After submitting three requests to be seen, I filed an administrative grievance stating that I was not being properly or fairly treated due to not recieving any type of response or assistance from medical for my emergency illnesses. I was not seen until 5 weeks after submitting my initial medical request. When the nurse saw me she provided Loratadine 10 mg., Guaifensin 200 mg. tablets and cough drops to treat my illnesses. She also stated to me that my cut wound had developed a hard scab and suggested it not be stitched because the scab had hardened. She also stated to me that it needed not to be treated with ointment because ointment would keep it soft and sensitive. Therefore she said it needed to air out and heal like that. She also stated that I should have been seen sooner so it could be stitched but the major delay excluded this from happening. I was under major pain, anxiety, and stress while under delay and denial of treatment. Dr. James Burke has admitted to the major delay and has appologized, but he has not accepted the responsibility for the delay. This matter must come before this court to address the deficiency of my healthcare and why I was under such of a delay. This delay was unneccessary and prolonged and has caused agony upon plaintiff. Plaintiff seeks damages for his losses.

State of Mississippi
County of Wilkinson

Personally appeared before me, the undersigned authority in and for said jurisdiction, the within named petitioner, who after being first duly sworn by me, stated under oath that the statements set forth in the above and foregoing are true and correct as therein stated.

Sworn and subscribed before me this the 24 day of August 20 18

Janicholas Scott
Rosemary Hatton  NOTARY PUBLIC

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

Janicholas Vankeith Scott #L1786        plaintiff
versus                                   Civil action no: 5:18-cv-44-
Management and Training Corporation, et al   DCB-MTP
                                         defendants

Plaintiff Janicholas Vankeith Scott #L1786 was deprived of his rights to safe, adequate, and sanitary living conditions. This deprivation has caused physical, emotional, and mental injuries upon the plaintiffs general well being. These defendants of Management and Training Corporation has violated the Eighth Ammendment rights of the plaintiff by depriving him of a basic human need. Plaintiff was deprived of adequate furnishings. Plaintiff was furnished a bunk bed that was severely damaged. The bunk bed was sawed into, which made it unstable and not in operational condition to perform a civilized necessity of sleeping and also caused physical harm or injury upon plaintiff. Plaintiff was also provided with a housing unit consisting of unfit or unsanitary enviornmental hazards. Enviornmental hazards consist of Black Mold which cause to have an effect on plaintiffs health in an extremely unhealthy, unsafe and unreasonable manner. After suffering from these conditions of my confinement, plaintiff seeked medical attention which was overwhelmingly delayed to a far reaching extent. This case arises to the level of cruel and unusual punishment and is at a level of unjust discipline to a human being under the United States Constitution.

State of Mississippi
County of Wilkinson

Personally appeared before me, the undersigned authority in and for said jurisdiction, the within named petitioner, who after being first duly sworn by me, stated under oath that the statements set forth in the above and foregoing are true and correct as therein stated.
Sworn and subscribed before me this the 24 day of August 2018

Janicholas Scott

Rosemary Gatlin
Notary Public

In The United States District Court
For The Southern District of Mississippi
Western Division

Janicholas Vankeith Scott #L1786           plaintiff
versus                                      civil action no: ~~5:18-cv-44-DCB-MTP~~
Management and Training Corporation, et al  defendants

Plaintiff Janicholas Vankeith Scott #L1786 filed an administrative grievance complaint WCCF-18-201. This complaint was regarding a severely damaged bunk bed on W-Pod cell 208. The complaint was initially filed on January 30, 2018. The bunk bed was sawed with a hacksaw blade. The person who cut the bunk bed cut about 30% of the bed frame off the bed. On the night of January 15, 2018 as I awoke from my sleep, I jumped from the top bunk bed so I could use the restroom and was struck on my back from the edge of the sharpened bed frame. The bunk was not stable at all. It moved in the motion as if it was a diving board. When I jumped from the bunk, I pressed down on the bed frame and jumped from the bed. When my hands released the bed frame, the sharpened edge swung upwards and struck me on the back. The cut wound was very deep. Officers ignored this safety hazard throughout inspections, shakedowns, searches and count procedures or whenever they came into contact with the hazardous condition. On May 9, 2018 around 10:00 p.m., maintenance department replaced the bunk bed. This condition was ongoing far too long in being a safety hazard. Many people were assigned to this bunk bed in this damaged condition. It was wrong for the officers to act in such a manner. They should have not assigned people to sleep under these circumstances. They should have replaced the bunk long before the time that they did. Or not assigning inmates to sleep on the damaged bunk at all. Or simply removed it!

State of Mississippi
County of Wilkinson

Personally appeared before me, the undersigned authority in and for said jurisdiction, the within named petitioner, who after being first duly sworn by me, stated under oath that the statements set forth in the above and foregoing are true and correct as therein stated.

Sworn and subscribed before me this the 24 day of August 2018

Janicholas Scott

Rosemary Gatlin
NOTARY PUBLIC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

Janicholas Vankeith Scott #L1786     plaintiff

versus     ~~civil action no: 5:18-cv-44-~~

Management and Training Corporation, et al     DCB-MTP

    defendants

Plaintiff Janicholas Vankeith Scott #L1786 has presented claims to this court against Management and Training Corporation, et al in civil action no: 5:18-cv-44-DCB-MTP. Plaintiff has named the following officers as defendants for specific reasons: Officer Laura Jackson, Officer Latonya Fleming, Officer Dornineke Grinnell, Officer Tramekia Wimley. I have personally named these officers as defendants due to the facts that at the particular time I addressed these complaints these officers were responsible for the supervision, care, and duties over W-Pod and they are the ones that I personally came into contact with about the conditions of the housing units. But, due to the facts of these conditions being ongoing for so long, there is evidence that more officers or staff has common knowledge of the inadequate conditions. Also, due to the fact of 35-40 officers performing a major shakedown procedure on March 22, 2018, this entire MTC staff should be the blame of misconduct for not correcting the defects and deficiencies. Failure to perform proper protocols in inspection and security has led to physical, mental, and emotional injuries to plaintiff. Plaintiff seeks damages for his injuries and losses.

State of Mississippi
County of Wilkinson

Personally appeared before me, the undersigned authority in and for said jurisdiction, the within named petitioner, who after being first duly sworn by me, stated under oath that the statements set forth in the above and foregoing are true and correct as therein stated.

Sworn and subscribed before me this the 24 day of August 2018

Janicholas Scott

Rosemary Gatlin
NOTARY PUBLIC

[Notary Seal: STATE OF MISSISSIPPI, NOTARY PUBLIC, ID #83744, ROSEMARY GATLIN, Commission Expires Jan. 26, 2019, WILKINSON COUNTY]

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

Janicholas Vankeith Scott #L1786          plaintiff
                                          civil action no: 5:18-cv-44
versus                                    DCB-MTP
Management and Training Corporation, et al   defendants

I, Plaintiff Janicholas Vankeith Scott #L1786, was forced to sleep on a bunk bed that was severely damaged in a very dangerous condition. The bunk bed had about 30% of its frame sawed off. The sawed off section left a sharp edge on the metal frame. Officers and staff were aware of this dangerous condition, yet they refused to replace the bunk bed or remove the damaged bunk bed. They also refused to assign me to another cell with an adequate housing condition. The bunk was not stable. It moved in a motion of upwards and downwards like a diving board does. When you are to get off the bunk bed you must press down and jump because the bunk is bolted on the wall over a bottom bunk bed. When your hands are released from the bunk from pressing down before you jump, the bunk frame swings upwards. As the bunk swung upwards, I was struck on my back and was cut very badly. Officers and staff did not carry out the proper procedure in addressing this safety hazard. This condition was overlooked during and following inspection, searches, shakedowns, and count procedures. This condition was constantly overlooked for a long period of time. This condition has caused me serious physical, emotional, and mental injuries and has caused punitive interference with my daily functions of sleeping, which is a basic human need. Plaintiff now seeks damages for his injuries and losses.

State of Mississippi
County of Wilkinson

Personally appeared before me, the undersigned authority in and for said jurisdiction, the within named petitioner, who after being first duly sworn by me, stated under oath that the statements set forth in the above and foregoing are true and correct as therein stated. Sworn and subscribed before me this the 24 day of August 2018

Janicholas V. Scott

Rosemary Gatlin
NOTARY PUBLIC

In The United States District Court
For The Southern District of Mississippi
Western Division

Janicholas Vankeith Scott #L1786     plaintiff

Versus     ~~civil action no: 5:18-cv-44-~~ DCB-MTP

Management Training Corporation, et al     defendants

Wilkinson County Correctional Facility Inmate Handbook provides or states that Wilkinson County Correctional Facility and MTC are in accordance with the policies, procedures and guidelines of the Mississippi Department of Corrections. The above named defendants of Officers Laura Jackson, Latonya Fleming, Domineke Grinnell and Tremekia Wimley, who are all employed by MTC, have all breached their duties as correctional officers by not complying with the policies, procedures and guidelines in accordance with the Mississippi Department of Corrections. <u>Facility Sanitation SOP 24-01-01</u> defendants breached their duties by failing to correct a major Health and Safety Hazard after personally identifying the hazards during inspection. <u>Protection From Harm SOP 20-05-01</u> defendants breached their duties by failing to relieve plaintiff from safety hazard which subjected plaintiff to serious physical injuries and punitive interference with the daily functions of sleeping. <u>Offender Housing SOP 44-02-01</u> defendants breached their duties by subjecting plaintiff to equipment or furnishings that were out of operational position. <u>Risk management SOP 17-08-01</u> defendants breached their duties by failing to provide plaintiff with a safe, healthful and comfortable housing and by not relieving the plaintiff from the hazards once the hazards were identified by officers. These violations of policies, procedures and guidelines subjected plaintiff to serious physical, mental and emotional injuries.

State of Mississippi
County of Wilkinson

Personally appeared before me, the undersigned authority in and for said jurisdiction, the within named petitioner, who after being first duly sworn by me, stated under oath that the statements set forth in the above and foregoing are true and correct as therein stated.

Sworn and subscribed before me this the __24__ day of __August__ 2018

Janicholas V. Scott

Rosemary Gatlin
NOTARY PUBLIC